UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUO QING WANG, | |
| Plaintiff, | |
| - against - | Case No. 14 Civ. 813 (CM) (DCF) |
| H.B. RESTAURANT GROUP, INC. d/b/a HUNAN BALCONY, and JENNY WU | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

# **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................... ii

Preliminary Statement ................................................................................................. 1

Background .................................................................................................................. 2

Argument ..................................................................................................................... 3

A. EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE

AND NECESSARY ...................................................................................................... 3

    i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the

    FLSA's Broad Remedial Purposes ...................................................... 3

B. THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER

NOTICE ...................................................................................................................... 5

    i. The Standard for Conditional Certification and Notice is Lenient.................. 5

    ii. The Underlying Merits of the Case are Immaterial to the Determination of

    Conditional Certification and Notice................................................................. 8

    iii. Plaintiff Has Made the Modest Factual Showing Required for Conditional

    Certification.................................................................................................... 9

C. DISCOVERY OF NAMES, ADDRESSES, TELEPHONE NUMBERS, AND

SOCIAL SECURITY NUMBERS IS PROPER AND NECESSARY UNDER § 216(b) ..... 9

D. THE PROPOSED NOTICE IS FAR AND ADEQUATE ........................................... 10

Conclusion.................................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Anglada v. Linens n'Things, Inc.*, No. 06 Civ
12901, 2007 U.S. Dist. LEXIS 39105, at *11
(S.D.N.Y. Apr. 26, 2007)………………………….                       5, 9

*Braunstein v. E. Photographic Labs.*, 600 F.2d
335, 336 (2d Cir. 1975)……………………………                       3

*Cook v. United States,* 109 F.R.D. 81, 83
(E.D.N.Y. 1995)……………………………………...                       4

*Cuzco v. Orion Builders, Inc.,* 477 F.Supp. 2d 628,
633 (S.D.N.Y. 2007)………………………………                       3

*Dumitrescu v. Mr. Chow Enters., Ltd.,* No. 07 Civ.
3601, 2008 U.S. Dist. LEXIS 49881, at *11
(S.D.N.Y. June 30, 2008)…………………………                       7

*Fasanelli v. Heartland Brewery, Inc.,* 516
F.Supp.2d 317, 323 (S.D.N.Y. 2007)……………..           3, 5, 6, 8, 9, 10, 11

*Foster v. Food Emporium*, No. 99 Civ, 3860, 2000
U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26,
2000)………………………………………………                       4

*Gjurovich v. Emmanuel's Marketplace* 282 F.
Supp. 2d 91, 104 (S.D.N.Y. 2003)………………...                 5, 7, 10

*Hallissey v. Amer. Online, Inc*., No. 99 Civ. 3785,
2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y.
Feb. 19, 2008) ……………………………………                       6

*Hoffmann v. Sharro, Inc.,* 982 F.Supp. 249, 262
(S.D.N.Y. 1997)…………………………………..                       5, 6, 8

*Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165,
170 (1989)……………………………………………                       3, 4

*Iglesias-Mendoza v. La Belle Farm, Inc.,* 239
F.R.D. 363, 368 (S.D.N.Y. 2007)…………………                       4, 5, 6

*Khalil v. Original Homestead Rest., Inc.,* No. 07
Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3
(S.D.N.Y. Aug. 9, 2007) …………………………… 7

*Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d
346, 354 (E.D.N.Y. 2008)………………………… 8

*Lee v. ABC Carper & Home,* 236 F.R.D. 193, 197
(S.D.N.Y. 2006) ……………………………….. 6, 9, 10

*Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp.
2d 357, 368 (S.D.N.Y. 2007)…………………… 8

*Masson v. Ecolab, Inc.,* No. 04 Civ. 4488 2005
U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug.
17, 2005)……………………………………….. 7

*Mazur v. Olek Lejbzon & Co.,* No. 05 Civ. 2194,
2005 U.S. Dist. LEXIS 30321, at *15 (S.D.N.Y.
Nov. 30, 2005) ……………………………… 6, 7

*Mentor v. Imperial Parking Sys., Inc*., 246 F.R.D.
178, 181 (S.D.N.Y. 2007)………………………… 5, 6, 8

*Patton v. Thomson Corp.,* 264 F.Supp.2d 263,
267-68 (E.D.N.Y. 2005)………………………….. 4, 9, 10

*Realite v. Ark Rests. Corp.,* 7 F.Supp.2d 303, 306
(S.D.N.Y. 1998) ……………………………….. 6

*Sherrill v. Sutherland Global Servs., Inc.,* 487 F.
Supp. 2d 344,350 (W.D.N.Y. 2007)……………… 9

*Sipas v. Sammy's Fishbox, Inc.,* No. 05 Civ.
10319, 20416 U.S. Dist. LEXIS 24318, at *8
(S.D.N.Y. Apr. 24, 2006) ………………………... 7

*Toure v. Cent. Parking Sys. Of N.Y.,* No. 05 Civ.
5237, 2007 U.S. Dist. LEXIS 74056, at *8
(S.D.N.Y. Sept. 28. 2007)………………………… 4, 6, 8

*Young v. Cooper Cameron Corp.,* 229 F.R.D. 50,
54 (S.D.N.Y; 2005)……………………………… 8

*Zhao v. Benihana, Inc.,* No. 01 Civ. 1297, 2001
U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7,

2001)……………………………………………          7

Statutes and Regulations

29 U.S.C. § 195(1)………………………..          2

29 U.S.C. § 195(3)………………………...          2

29 U.S.C. § 207(a)(1) ...............................................          2

29 U.S.C. § 216(b) ...................................................          1, 3, 4

29 U.S.C. § 255 .......................................................          4

29 U.S.C. § 256(b) ...................................................          4

## PRELIMINARY STATEMENT

On February 10, 2014, Plaintiff Guo Qing Wang filed this lawsuit against H.B. Restaurant Group, Inc. and Jenny Wu (collectively "Defendants") seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York law. Plaintiff brought the FLSA claim on behalf of himself and all non-exempt persons employed by Defendants as a chef or kitchen worker ("Covered Employees") within the last three years ("FLSA"). The Complaint alleges that Defendants (1) failed to pay Covered Employees the proper overtime premium under the FLSA and NYLL; and (2) failed to provide proper notices and statements in violation of the NYLL. [1]

By this motion, Plaintiff seeks the following:

(1)	Conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b). [2]

(2)	Court-facilitated notice of this FLSA action to Covered Employees, including a consent form (or opt-in form) as authorized by the FLSA.

(3)	Approval of the proposed FLSA notice of this action and the consent form.

(4)	Production of names, last known mailing addresses, alternate addresses, telephone numbers, Social Security numbers, and dates of employment of all Covered Employees.

(5)	Posting of the Notice, along with consent forms, in a conspicuous location in principal place of business of Defendants at 2596 Broadway, New York, New York 10025.

---

[1]	In support of his motions, Plaintiff herewith submits the Declaration of  Jian Hang (the "Hang Aff. "), attaching as Exhibit A, proposed Notice to Covered Employees attaching as Exhibit 1; proposed consent form attaching as Exhibit 2; the Declaration of Guo Qing Wang (the "Wang Dec."), attaching as Exhibit B.

[2]	Plaintiff does not currently seek class certification of his state law claims under Fed. R. Civ. P. 23 ("Rule 23").

**BACKGROUND**

H.B. RESTAURANT GROUP, INC. operates a Chinese restaurant doing business as "Hunan Balcony." At any given time, Hunan Balcony employed up to thirty people, with approximately twelve delivery people, six waiters, three receptionists, and ten kitchen workers.

Plaintiff Wang was employed by the Defendants as a chef at Hunan Balcony from November 2011 to December 17, 2013. (Wang Dec., ¶ 1) During the employment of Plaintiff by Defendants, Plaintiff was paid about $2,500 to $2,600 per month. (Wang Dec., ¶ 3) Plaintiff worked sixty-six (66) hours per workweek on each workweek. (Wang Dec., ¶ 2) He worked in excess of 40 hours per week and was not paid overtime at the rate of time-and-one half for every hour they worked over forty hours in a workweek. (Wang Dec., ¶ 4) Plaintiff was not paid spread of hour compensation for his work in excess of ten hours in one day. (Wang Dec., ¶ 5) In addition, Defendants failed to provide notices and statements as required under the New York Labor Law, § 195(1) and § 195(3). (Wang Dec., ¶¶ 7-8) Plaintiff Wang seeks to represent a class of employees similarly situated.

Absent an exemption, the FLSA requires an employer to pay an employee for hours in excess of forty hours a week at "not less than one and one-half times the regular rate." 29 U.S.C. § 207(a)(1). In the instant case, Plaintiff and all other similarly situated employees are owed (i) their overtime pay, which is equal to 150% of their "regular rate" times hours worked over 40; (ii) spread of hours under New York Labor Law, (iii) liquidated damages and (iv) attorney fees and expenses.

## ARGUMENT

To protect putative collective action members' rights and interest, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all Covered Employees. Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. They all worked as chefs or kitchen workers for Defendants, and they were not paid their overtime premium. Thus, they "together were victims of a common policy or plan that violated the law." *Cuzco v. Orion Builders, Inc.,* 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

### A.     EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

The FLSA contemplates the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of the minimum wage. 29 U.S.C. § 216(b).  Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989); *Braunstein v. E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975); *Fasanelli v. Heartland Brewery, Inc.,* 516 F.Supp.2d 317, 323 (S.D.N.Y. 2007). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

i.    **Sending Expedited Notice to "Similarly Situated" Employees
Fulfills the FLSA's Broad Remedial Purposes**

Expedited notice is critical in FLSA actions. Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt in") to be covered by the suit.  29 U.S.C. § 216(b).  The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256(b).  To insure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs. *Hoffmann-La Roche,* 493 U.S. at 170. Notice to putative class members should be given as soon as possible since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by." *Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see also Cook v. United States,* 109 F.R.D. 81, 83 (E.D.N.Y. 1995) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (Internal quotation marks and citation omitted). Thus, early distribution of a notice of pendency is crucial in a FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure v. Cent. Parking Sys. Of N.Y.,* No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *8 (S.D.N.Y. Sept. 28. 2007) (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("The court is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.,* 264 F.Supp.2d 263, 267-68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the

[FLSA]'s broad remedial purpose. . . promot[e] efficient case management . . [and] preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffmann v. Sharro, Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997) (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g., Gjurovich v. Emmanuel's Marketplace* 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003).

### B.     THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE

#### i.     The Standard for Conditional Certification and Notice is Lenient

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli*, 516 F. Supp. 2d at 321. At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens n'Things, Inc*., No. 06 Civ 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007); *Mentor v. Imperial Parking Sys., Inc*., 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza*, 239

F.R.D. at 367 (internal quotation omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, plaintiff(s) need only make a "modest factual showing" that they are "similarly situated with respect to their allegations that the law has been violated." *Hallissey v. Amer. Online, Inc*., No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted) (emphasis in original). Plaintiff must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure,* 2007 U.S. Dist. LEXIS 74056, at *6 (internal quotation omitted, alterations in original); *see also Mentor,* 246 F.R.D. at 181; *Fasanelli*, 516 F.Supp.2d at 321. Plaintiffs meet their burden here that putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee v. ABC Carper & Home,* 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations." *Fasanelli,* 516 F. Supp. 2d at 322; *see also Toure,* 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); *Cuzco*, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza,* 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'")(quoting *Realite v. Ark Rests. Corp.,* 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998)); *Mazur v. Olek Lejbzon & Co.,* No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS 30321, at *15 (S.D.N.Y. Nov. 30, 2005) (plaintiffs face only a very limited burden); *Hoffmann,*

982 F.Supp. at 261 ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated.").

Allegations in the pleadings and declarations are sufficient to make this modest factual showing. *See, e.g., Khalil v. Original Homestead Rest., Inc.,* No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Sipas v. Sammy's Fishbox, Inc.,* No. 05 Civ. 10319, 20416 U.S. Dist. LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006) (certifying collective action based upon complaint and three affidavits); *Mazur,* 2005 U.S. Dist. LEXIS 30321, at *17-18 (finding three affidavits sufficient to order notice to employees in seven classifications who worked for four different corporations); *Zhao v. Benihana, Inc.,* No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality, and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 U.S. Dist. LEXIS 30321, at *12 (internal quotation omitted); *see also Masson v. Ecolab, Inc.,* No. 04 Civ. 4488 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005). The lenient standard for certification and notice under § 216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated – which requires a more 'stringent' inquiry- is made later in the litigation process after, more thorough discovery." *Gjurovich*, 282 F. Supp. 2d at 105; *see also Dumitrescu v. Mr. Chow Enters., Ltd.,* No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery, a court "review[s] the collective action certification more

rigorously"). Plaintiff in this case has easily met the lenient standard for certification and notice at this early, pre-discovery stage.

ii.   **The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice**

Although Plaintiff is confident that he will successfully establish that Defendants failed to properly compensate the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "[T]he standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g., Mentor,* 246 F.R.D. at 181 (stating that "the merits of a plaintiffs claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli,* 516 F. Supp. 2d at 322 ("To the extent' that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintained an "illegal off-the-clock" policy, "illegal tip retention" policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."); *Toure,* 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated") *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y; 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are "similarly situated"); *Hoffmann,* 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is

an improper ground on which to base a denial of a motion to certify conditionally a FLSA collective action[.]" *Anglada,* 2007 U.S. Dial. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiffs is similarly situated based on the pleadings and any affidavits," *Fasanelli,* 516 F. Supp. 2d at 321.

### iii.   Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification

Here, Plaintiff has made far more than a modest factual showing that he and Covered Employees are similarly situated. Plaintiff detailed allegations in the Complaint and his declaration show that all Covered Employees were subject to the same compensation scheme. If proven, these allegations establish that Defendants maintain illegal policies and practices that similarly affect all chef and kitchen workers employed by Defendants.

## C.   DISCOVERY OF NAMES, ADDRESSES, TELEPHONE NUMBERS, AND SOCIAL SECURITY NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of class information of potential collective members. *E.g., Lee*, 236 F.R.D., at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637; *Sherrill v. Sutherland Global Servs., Inc*., 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268. "Courts within this Circuit routinely grant plaintiffs' motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within ten days of its Order a computer-readable list of all chefs and kitchen workers who were employed by Defendants at any point in the three years prior to the entry of the Order with the

following information: name, last known mailing address, alternate address (if any), all known telephone numbers, Social Security number, and dates of employment.

Plaintiff seeks the Social Security numbers of Covered Employees so that Plaintiff's counsel can perform a skip trace for all notices returned as undeliverable because of a change of address. Based on Plaintiff's counsel's belief, a large percentage of consent forms are typically returned as undeliverable, and the only way to locate these employees is to perform a search by Social Security number.   (Hang Aff.) Plaintiff is willing to execute a stipulation of confidentiality regarding the numbers. *See Patton*, 364 F. Supp. 2d at 268 (requiring defendant to produce Social Security numbers of putative collective members subject to entry of a confidentiality agreement).

**D.     THE PROPOSED NOTICE IS FAIR AND ADEQUATE**

Attached as Exhibit 1 to the Affirmation of Jian Hang is Plaintiff's proposed judicial notice. The proposed notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in a FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of that court." *Lee v. ABC Carpet & Homes,* No. 00 Civ. 0984, 2008 U.S. Dist. LEXIS 38725, at *3-4 (May 9, 2008); *see also Gjurovich,* 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli,* 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that the Court conditionally certify his FLSA claim as a collective action, approve notice to be sent to all Covered Employees, and order Defendants to produce the names, addresses, telephone numbers, and Social Security numbers of all Covered Employees.


Dated: May 22, 2014
      Flushing, New York                    By:*/s/ Jian Hang*___
                                            Jian Hang, Esq.
                                            Hang & Associates, PLLC
                                            136-18 39th Avenue, Suite 1003
                                            Flushing, New York 11354
                                            Tel: (718) 353-8588
                                            Fax: (718) 353-6288